165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Janelle D. GOLDEN, Defendant-Appellant.
 No. 98-2543.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 15, 1998.
Decided Dec. 29, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 98 CR 8. John C. Shabaz, Chief Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Janelle Golden pleaded guilty to four counts of embezzling funds from the Department of Housing and Urban Development ("HUD") in violation of 18 U.S.C. § 641. She was sentenced to twenty-one months' imprisonment on each count, to be served concurrently, and was ordered to pay $46,654 in restitution. On appeal, she contends that the district court erroneously counted as relevant conduct under U.S.S.G. § 1B1.3(a)(2) four uncharged instances of alleged embezzlement. She also argues that the district court erroneously denied her a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because of its mistaken belief that she had contested relevant conduct. At the conclusion of appellant's oral argument, we affirmed the district court's decision from the bench.
 
 
 2
 Golden was employed as the Executive Director of the St. Croix Chippewa Housing Authority ("Housing Authority"). In that position, Golden was authorized to write checks on two Housing Authority accounts funded by HUD. Golden pleaded guilty to writing four checks on the HUD-funded accounts and using the proceeds for her personal expenses. In addition to these four checks, Golden's presentence report ("PSR") initially identified the issuance of eight other unauthorized checks as "relevant conduct." Golden objected as to five of the checks, and the district court accepted her position as to one. The district court determined that the other four transactions were in fact relevant conduct.
 
 
 3
 Prior to the sentencing hearing, Golden explained to the probation officer preparing the presentence report that she committed the embezzlement because she was being blackmailed by Patrick Fowler, with whom she was having an affair. Golden explained that Fowler had threatened to tell her husband if she did not give him money and continue their sexual relationship. Despite these admissions, at the sentencing hearing Golden maintained that she did not receive a personal benefit from the four disputed checks and that she issued them at the direction of her boss, Lewis Taylor, who threatened to fire her if she refused. Taylor, by contrast, told the agents that he did not authorize, nor was he aware of, the issuance of the checks.
 
 
 4
 At the sentencing hearing, the district court expressly credited the statements of Taylor and Fowler, and discredited Golden's version of the facts. Accordingly, the court included the four disputed transactions as relevant conduct, increasing the total loss attributable to Golden from $8,404 to $46,654. Since Golden had falsely denied this relevant conduct, the court also concluded that Golden was not entitled to a downward adjustment for acceptance of responsibility.
 
 
 5
 The district court's determination that certain conduct constitutes "relevant conduct" is a finding of fact, which we review for clear error. United States v. Santoro, 159 F.3d 318, 320 (7th Cir.1998). "The district court is to base its determination upon the evidence in the record and upon its own credibility evaluations. These credibility evaluations will be given utmost deference." United States v. Miner, 127 F.3d 610, 615 (7th Cir.1997) (quotations and citation omitted).
 
 
 6
 Under U.S.S.G. § 1B1.3(a)(2), when sentencing for offenses like the present one that require "grouping," the district court must include all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction" in determining specific offense characteristics such as loss amount. In determining whether offenses are part of the same course of conduct, a district court looks for "a strong relationship between the uncharged conduct and the convicted offense, focusing on whether the government has demonstrated a significant similarity, regularity, and temporal proximity." United States v. Bacallao, 149 F.3d 717, 719 (7th Cir.1998) (internal quotations and citation omitted).
 
 
 7
 Golden argues on appeal that the four challenged transactions should not have been considered relevant conduct because they involved circumstances different from the counts of conviction. Golden attempts to distinguish the challenged transactions by repeating that she issued the four disputed checks at her boss's direction but did not receive a personal benefit from them. Golden argues that she was "a subordinate with no knowledge and she received no benefits from those transactions." In contrast, Golden admits that as to the crimes of conviction she was "an intentional instigator and sole beneficiary" of the funds.
 
 
 8
 The district court explicitly rejected Golden's contention that she issued the four disputed checks under her boss's direction. Instead, the court credited Taylor's testimony that he neither knew about the checks nor authorized Golden to issue them. The court found that Golden "was well aware of the fact that she was embezzling" and that she took the money for her own benefit with the intent to deprive HUD of the use or benefit of the money. The district court further rejected Golden's argument that she did not benefit from the checks because, even if she used the money to pay blackmail, "the benefit for Ms. Golden was that she would not have to disclose to her husband the affair with Mr. Fowler." We defer to this credibility determination.
 
 
 9
 Because the challenged transactions and the charged offenses were part of a common scheme or plan, the district court did not clearly err in finding that the challenged transactions constituted relevant conduct. The victim, HUD, was the same in each of the transactions. See United States v. Colello, 16 F.3d 193, 197 (7th Cir.1994) (the focus is on the victim's loss, not the defendant's gain). Golden wrote each check and used the same modus operandi to accomplish the embezzlement. These common factors are sufficient to establish that the challenged uncharged conduct was part of the same common scheme or plan as the offenses of conviction.
 
 
 10
 As indicated above, because Golden had denied that she issued the additional checks to satisfy Fowler, the district court also concluded that Golden was not entitled to a two-level reduction for acceptance of responsibility. Section 3E1.1(a) provides that a defendant may be granted a reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." United States v. Ewing, 129 F.3d 430, 435 (7th Cir.1997). The defendant must prove by a preponderance of the evidence that she is entitled to a reduction for acceptance of responsibility. United States v. Zaragoza, 123 F.3d 472, 480 (7th Cir.), cert. denied, 118 S.Ct. 317 (1997); United States v. Purchess, 107 F.3d 1261, 1266 (7th Cir.1997). "[A] determination of a failure to accept responsibility is one of those findings uniquely suited to the intuition and experience of the district judge, and that is why we reverse such a finding only for clear error." Purchess, 107 F.3d at 1269.
 
 
 11
 Golden argues that the district court erred in denying her a reduction for acceptance of responsibility on the ground that she had falsely denied relevant conduct. According to Golden, her argument in the district court was that the court should not draw the legal conclusion that the challenged conduct constituted relevant conduct because "the instances did not constitute part of the same course of conduct or common scheme or plan." She contends that her contest was not a factual one because she admitted that her boss instructed her to write the checks, that the checks were drawn illegitimately, and that she was unaware that these checks were for illegitimate purposes.
 
 
 12
 Golden is correct that a district court should not deny a reduction for acceptance of responsibility when the defendant disagrees only with the legal conclusion to be drawn from admitted facts. See Purchess, 107 F.3d at 1267. As this court explained in United States v. Brown, 47 F.3d 198 (7th Cir.1995), however, " 'a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." ' Id. at 203 (quoting U.S.S.G. § 3E1.1, comment. (n.1(a))); see also Zaragoza, 123 F.3d at 480.
 
 
 13
 Here, the district court did not clearly err in finding that Golden acted in a manner inconsistent with acceptance of responsibility. Contrary to her argument on appeal, Golden contested the very facts comprising the challenged conduct. Golden told the investigating agents that she issued the checks only at the direction of Taylor, her boss, that she was unaware the checks were not legitimate, and that she received no benefit from the checks. The court, however, credited Taylor's statements that he did not know about or authorize the checks, and Fowler's statements that Golden gave him the money. The court further found that Golden's assertions contradicted her statement to the probation officer that she gave Fowler the money because he was blackmailing her. Accordingly, the district court properly found that Golden's statements were false denials of her involvement in and the benefit she received from the challenged conduct.
 
 
 14
 We therefore AFFIRM the sentence imposed by the district court.